In the Matter of Supplementary Proceedings: Belle Osterman, Judgment Creditor, *v.* Sophie Rosken, Doing Business under the Trade Name and Style of Powder Box Beauty Salon, Judgment Debtor.

City Court of New York, Special Term, Bronx County, June 29, 1936.

*Abraham Markhoff,* for the judgment creditor.

*Jacob Cohen,* for the judgment debtor.

Schackno, J. Motion to punish judgment debtor for contempt. Originally the contempt claimed was that judgment debtor gave false answers on material questions asked of her in supplementary proceedings* and violated the injunctive provisions of the subpœna served upon her. The issues of fact thus raised were referred by me to the Hon. Joseph I. Green, official referee, to hear and report. Pending the filing of the referee's report the motion was held in abeyance. The report has now been filed. It has been conceded that the judgment debtor had not violated the injunction and this part of the motion was withdrawn. The judgment debtor in open court and again before the learned referee admitted that she had sworn falsely upon her examination. The referee found that *some* of the questions were material. The examination of the judgment debtor in open court satisfied me that her conduct was not willful; she acted upon bad advice; her untruthful answers did not prejudice the judgment creditor. The number of motions to punish for contempt for giving false answers in supplementary proceedings are daily increasing. The conduct of the judgment debtor cannot be condoned; to do so, would be to encourage others to do as she did; the judgment creditor was entitled to truthful answers; it is no answer that judgment debtor

---

* See Civ. Prac. Act, § 788, added by Laws of 1935, chap. 630.

acted upon bad advice; for one to tell the truth requires no advice; others do so, no matter at what cost. Referee's report is confirmed. Judgment debtor is adjudicated to be in contempt and is hereby fined the sum of twenty-five dollars, to be paid in monthly installments of five dollars, first payment to be made on August 3, 1936; the fine when paid is to be applied in satisfaction of the judgment. On default in the payment of any installment, commitment may issue. Settle order on notice incorporating therein reference to judgment debtor's examination in open court on the return day of the original motion and on the adjourned date of the motion to confirm the referee's report.